# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO EDWIN LANIER,<br><br>          Plaintiff,<br><br>     v.<br><br>F. GONZALEZ, WARDEN, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-01192-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM, WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Ricardo Edwin Lanier, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 10, 2009. In support of his complaint, Plaintiff submitted seventy pages of exhibits. However, the exhibits are not properly incorporated by reference, as described in section III, and will not be considered by the Court in determining whether Plaintiff's factual allegations are sufficient to state any claims.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusion are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**II.     Summary of Plaintiff's Allegations**

The events at issue in this action occurred at the California Correctional Institution in Tehachapi, California, where Plaintiff is presently incarcerated. Plaintiff alleges that on May 22, 2009, he covered his cell window to protest an earlier cell search in which various items of his personal property were confiscated despite the fact that they were not contraband. Defendant Beckner, a correctional officer, stood outside of Plaintiff's cell and after the two exchanged heated words, Plaintiff heard footsteps, the tray slot to his door was opened by Defendant Rodriguez, and Defendant Papillion sprayed pepper spray into the cell. Plaintiff complied with orders and was removed from his cell. Defendant Beckner slapped and punched Plaintiff, and tried to provoke him, unsuccessfully. Once Plaintiff was escorted out of the pod and was out of view of other inmates, Defendant Beckner thrust Plaintiff against a wall, which caused a minor contusion on Plaintiff's upper lip. Defendant Beckner continued to slap and punch Plaintiff as he was escorted outside and to the medical clinic, where he was placed in a holding cell.

Defendant Cox, a registered nurse, asked Plaintiff if he had any injuries. Plaintiff described the contusion on his lip and as Cox attempted to walk away, Plaintiff said he wanted to make a

statement regarding how he received the contusion. As Plaintiff was giving his statement, Defendant Whitson, a sergeant, summoned Cox to speak with him privately. Cox did not return and Plaintiff was unable to complete his statement.

Plaintiff informed numerous staff members that he wanted to make an excessive force complaint, and Defendant Gifford, a sergeant, recorded the complaint on tape. Plaintiff then asked if he could shower to decontaminate himself. Plaintiff was not allowed to shower and did not shower until May 24, 2009, which caused him to endure extreme discomfort for forty-eight hours.

Plaintiff was housed in a dirty, fly infested cell with fecal matter on the walls and ceiling. Plaintiff, who was wearing only boxer shorts, was given a dirty blanket and told he was on management cell status for seventy-two hours. Plaintiff remained in the cell until May 25, 2009.

Plaintiff wrote Defendant Steadman, a captain, and Defendant Gonzalez, the warden, regarding the use of excessive force against him and the conditions of the management cell, but received an "insufficient result" from Steadman and received no response from Gonzalez. (Doc. 1, Comp., court record p. 13.)

**III.  Plaintiff's Claims**

    **A.  Defendants Beckner, Rodriguez, and Pappillion**

Plaintiff's allegations are sufficient to support a claim for relief under section 1983 against Defendants Beckner, Rodriguez, and Pappillion for violation of the Eighth Amendment arising from their use of force on May 22, 2009. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). However, Plaintiff's allegation that he was entitled to procedural due process prior to being extracted is without merit. Plaintiff is entitled to procedural due process only if he has a protected liberty interest at stake. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Because Plaintiff had no protected interest at stake with respect to staying in his cell, he was not entitled to any process prior to the cell extraction. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).

///

///

Further, Plaintiff's allegations regarding Defendant Beckner's verbal taunts and attempts to humiliate him do not support a claim. Verbal harassment does not violate the Constitution. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### B. Defendant Cox

Plaintiff did not have a constitutionally protected right to give a statement to Defendant Cox and therefore, her failure to return and complete his statement does not state a claim for relief under section 1983. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). Further, Plaintiff's allegations do not support a claim that Defendant Cox acted with deliberate indifference to a serious medical need, and Plaintiff's Eighth Amendment claim therefore fails as a matter of law. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

### C. Defendants Whitson and Gifford

Defendant Whitson's alleged interference with Plaintiff's medical evaluation does not support a claim for relief. As previously stated, Plaintiff did not have a constitutional right to give a written statement and was not suffering from a serious medical need requiring immediate attention. Therefore, the disruption by Defendant Whitson provides no basis for liability under section 1983.

Plaintiff's allegation that his procedural due process rights were violated by Defendants Whitson and Gifford's failure to decontaminate him within fifteen minutes in compliance with applicable regulations is without merit. The violation of state regulations does not provide a basis for the imposition of liability under section 1983, Nurre, 580 F.3d at 1092; Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), and under federal law, Plaintiff does not have a right under the Due Process Clause to be decontaminated, Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484. To the extent the failure to decontaminate Plaintiff violated a federal right, that right would fall under the Eighth Amendment, discussed below.

With respect to the failure to decontaminate Plaintiff, no allegations are advanced against Whitson other than that he failed to decontaminate Plaintiff within fifteen minutes in compliance with the regulations. Regarding Gifford, Plaintiff requested a shower to decontaminate himself "[b]ut to no avail." (Comp., court record p. 12.) Plaintiff has not set forth sufficient facts to support

4

///

a claim that either Defendant knowingly disregarded a substantial risk of serious harm to Plaintiff. E.g., Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Rule 8(a) requires sufficient facts to support a plausible claim for relief. Iqbal at 1949-50; Moss at 969. Here, the mere possibility of misconduct is not sufficient to state a claim. Id.

Finally, although Plaintiff attempts to impose liability on Defendant Gifford for the conditions he endured in the management cell, Plaintiff alleges no facts supporting a claim that Gifford was aware of the conditions in the cell and caused Plaintiff to be housed there anyway. That Defendant Gifford apparently placed Plaintiff on management cell status, without more, does not allow for the imposition of liability on Gifford for the conditions encountered by Plaintiff once housed in a cell. Farmer at 847; Hudson at 9; Frost, 152 F.3d at 1128.

### D. Defendants Steadman and Gonzalez

Plaintiff's allegation that Defendants Steadman and Gonzalez are liable for the violation of his rights because he made them aware of what occurred and they failed to respond or investigate is without merit.

Under section 1983, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

1  Defendants Steadman and Gonzalez were not involved in the violation of Plaintiff's rights,
2  and their failure to respond to his letters and initiate an investigation is neither a direct violation of
3  a federally protected right, Nurre at 1092, nor a ground for the imposition of liability against them
4  for the past actions of subordinate staff, Taylor, 880 F.2d at 1045.  Plaintiff fails to state a claim for
5  relief under section 1983 against either Steadman or Gonzalez.

### E.  Relief Sought

In addition to money damages, Plaintiff seeks injunctive relief preventing the denial of medical care, mandating that his inmate appeals be responded to, preventing the denial of access to the law library and legal materials, and preventing mail tampering.

Federal courts are courts of limited jurisdiction and in considering a request for equitable relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).  When there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits."  S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)).

The incidents at issue in this action occurred in May 2009.  The case or controversy requirement cannot be met with respect to equitable relief in light of the fact that the claims in this

action are confined to past incidents. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Therefore, this action may properly proceed as one for damages only.

### F. Official Capacity Claims

Plaintiff alleges he is suing Defendants in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities," Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted), but does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Therefore, Plaintiff's official capacity claims are subject to dismissal.

## IV. Conclusion and Order

Plaintiff's complaint states a claim against Defendants Beckner, Rodriguez, and Pappillion for violation of the Eighth Amendment arising out of the incident on May 22, 2009, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Beckner, Rodriguez, and Pappillion, Plaintiff may so notify the Court in writing, and the other defendants and claims will be dismissed. Plaintiff will then be provided with three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Beckner, Rodriguez, and Pappillion.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere

possibility of misconduct is insufficient to state a claim. Iqbal at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. If Plaintiff opts to submit exhibits, they must be specifically incorporated by reference, which includes citation to the specific pages in each instance in which the exhibits are relied upon. The Court will not wade through exhibits which are not specifically incorporated by reference, and construct Plaintiff's claims for him.

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's claims for equitable relief and official capacity claims are dismissed from this action;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

///

///

b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Beckner, Rodriguez, and Pappillion; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 24, 2009**                     **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE