# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO EDWIN LANIER, | 1:09-cv-01192-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT |
| v. | (Doc. 22.) |
| A. L. COTA, et al., | |
| Defendants. | |

## I. BACKGROUND

Ricardo Edwin Lanier ("Plaintiff") is a prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with the original Complaint filed by Plaintiff on July 10, 2009, against defendants R. Rodriguez, T. D. Beckner, and L. E. Papillon ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1] On April 28, 2010, Plaintiff filed a Request for entry of default against Defendants. (Doc. 22.) On April 30, 2010, Defendants filed an Opposition. (Doc. 23.) On May 11, 2010, Plaintiff filed a Reply to the Opposition. (Doc. 28.)

## II. REQUEST FOR ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

---

[1] All other claims and defendants were dismissed from this action by the Court on January 6, 2010, based on Plaintiff's failure to state a claim. (Doc. 11.)

1

Procedure and where that fact is made to appear by affidavit or otherwise. <u>See</u> Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 20 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed R. Civ. P. 4(d).

Plaintiff requests entry of default against Defendants for failing to file and serve a timely response to the Complaint. Plaintiff refers to the following evidence on the Court's record. All of the Defendants were served with process by the United States Marshal. (Doc. 18.) Defendants were granted an extension of time by the Court until April 19, 2010 to file a responsive pleading. (Doc. 17.) Defendants failed to file and serve a responsive pleading by April 19, 2010. (<u>See</u> Court's record.)

Defendants argue that entry of default is inappropriate because they have defended this action. Defendants assert that on April 19, 2010, they attempted to file a motion to dismiss, but due to clerical error, the image of the appropriate document was not attached to their entry on the Court's docket. Defendants refer to the Court's docket which contains an entry on April 19, 2010 of Defendants' Motion to Dismiss. (Doc. 21.) Defendants assert that they re-filed the motion to dismiss on April 30, 2010 concurrently with their Opposition.

Plaintiff replies that entry of default is appropriate because Defendants failed to *serve* the Motion to Dismiss until April 30, 2010, according to the Court's docket.

**III.   DISCUSSION**

Defendants have provided evidence that they attempted to timely defend this action by filing a Motion to Dismiss and, upon realization of a clerical mistake resulting in an incomplete filing with the Court, promptly re-filed the Motion to Dismiss along with an explanation of what had occurred. (Docs. 21, 23.) The Court record shows that Defendants also filed a Request for the Court to excuse their eleven-day delay in filing and serving the Motion to Dismiss, and the Court granted an eleven-day extension of time, resolving the issue of untimeliness. (Docs. 24, 27.) Based on this record, the Court finds that Defendants have defended this action, and entry of default is unwarranted.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Request for entry of default against Defendants, filed on April 28, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **September 17, 2010**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE