# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICARDO EDWIN LANIER,

Plaintiff,

v.

F. GONZALES, WARDEN, et al.,

Defendants.

______________________________/

1:09-cv-01192-LJO-GSA-PC

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED

(Doc. 25.)

OBJECTIONS, IF ANY, DUE IN THIRTY DAYS

## I. BACKGROUND

Ricardo Edwin Lanier ("Plaintiff") is a prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with the original Complaint filed by Plaintiff on July 10, 2009, against defendants R. Rodriguez, T. D. Beckner, and L. E. Papillion ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1] On April 30, 2010, Defendants filed a motion to dismiss this action under Rule 12(b) for failure to exhaust administrative remedies. (Doc. 25.) On May 11, 2010, Plaintiff filed an opposition to the motion. (Doc. 29.) On May 18, 2010, Defendants filed a reply to Plaintiff's opposition. (Doc. 30.) Defendants' motion is now before the Court.

[1] All other claims and defendants were dismissed from this action by the Court on January 6, 2010, based on Plaintiff's failure to state a claim. (Doc. 11.)

## II. PLAINTIFF'S CLAIMS AND ALLEGATIONS[2]

The events at issue in this action occurred at the California Correctional Institution in Tehachapi, California, where Plaintiff is presently incarcerated. Plaintiff alleges that on May 22, 2009, he covered his cell window to protest an earlier cell search in which various items of his personal property were confiscated despite the fact that they were not contraband. Defendant Beckner, a correctional officer, stood outside of Plaintiff's cell and after the two exchanged heated words, Plaintiff heard footsteps, the tray slot to his door was opened by Defendant Rodriguez, and Defendant Papillion sprayed pepper spray into the cell. Plaintiff complied with orders and was removed from his cell. Defendant Beckner slapped and punched Plaintiff, and tried to provoke him, unsuccessfully. Once Plaintiff was escorted out of the pod and was out of view of other inmates, Defendant Beckner thrust Plaintiff against a wall, which caused a minor contusion on Plaintiff's upper lip. Defendant Beckner continued to slap and punch Plaintiff as he was escorted outside and to the medical clinic, where he was placed in a holding cell. Plaintiff claims Defendants used excessive physical force against him in violation of the Eighth Amendment.

## III. UNENUMERATED RULE 12(b) MOTION TO DISMISS FOR FAILURE TO EXHAUST

Defendants argue that Plaintiff's allegations against them should be dismissed, because Plaintiff failed to exhaust his administrative remedies.

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief

[2]This summary includes Plaintiff's claims in the original complaint found cognizable by the Court on December 24, 2009, and Plaintiff's related allegations, upon which this case now proceeds. (Doc. 9.)

offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**B. CDCR's Administrative Grievance System**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

**C. Defendant's Position**

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendants submit evidence that Plaintiff's Appeal log number CCI-09-00992, which

concerned Plaintiff's excessive force allegations against the Defendants, was not completed until December 22, 2009, over five months after Plaintiff initiated this case on July 10, 2009. (Declaration of Foston, Doc. 25-1at 2 ¶5, and Exh. 1.)

**D. Plaintiff's Opposition**

Plaintiff acknowledges that Appeal log number CCI-09-00992 was not completed until after he filed the Complaint commencing this action. However, Plaintiff argues that he exhausted his remedies because he took all measures to complete the grievance system when he wrote a letter to the Warden on June 3, 2009, informing the Warden of past problems filing grievances, and requesting the Warden to oversee the processing of his Appeal. Opp'n, Doc. 29, Exh. AA at 1-2. Plaintiff also contends that his remedies were exhausted because the Director's Level Decision of December 22, 2009 was issued before the Complaint was served on the Defendants.

**E. Defendants' Reply**

In their reply, Defendants re-assert their argument that Plaintiff failed to exhaust his remedies prior to filing this lawsuit, as required by the Ninth Circuit's rules.

**F. Discussion**

There is no dispute that Plaintiff' filed Appeal log number CCI-09-00992, complaining about the excessive force allegations against Defendants at issue in this action. There is also no dispute that Plaintiff completed the grievance process on December 22, 2009, when the Director's Level Decision was issued, five months *after* he filed the complaint commencing this lawsuit on July 10, 2009. Plaintiff's actions – writing a letter to the Warden and completing the grievance process before the complaint was served on Defendants – are insufficient to demonstrate exhaustion. The PLRA requires that prisoners exhaust their available administrative remedies *prior* to filing suit, and Plaintiff has not done so. Defendants are entitled to dismissal of this action.

## IV. CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust prior to filing suit, pursuant to section 1997e(a). Plaintiff's Appeal log number CCI-09-00992 was not

exhausted prior to the filing of this action, and Plaintiff has not submitted evidence of any other appeals that satisfy the exhaustion requirement. Therefore, the Court HEREBY RECOMMENDS Defendants' motion to dismiss, filed June 26, 2009, be GRANTED, and this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: November 16, 2010** /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE